651 P.2d 558

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Ebony ANGEL, Defendant-Appellant.**

**Nos. 14121, 14245.**

Court of Appeals of Idaho.

Sept. 14, 1982.

Alan E. Trimming, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Stephen J. Gledhill, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Ebony Angel was convicted of second degree burglary and was sentenced to the custody of the Board of Corrections for an indeterminate period not exceeding five years. He appeals, contending that errors in the information and in the presentence report caused him prejudice in the district court. He also contends his sentence amounts to cruel and unusual punishment. We affirm the judgment of conviction and sentence imposed.

Angel was charged with two counts of second degree burglary and with being a persistent violator of the law. After a jury trial, Angel was found guilty of one count of burglary and was acquitted on the other. He then pled guilty to being a persistent violator of the law as charged in the information.

Angel contends he was deprived of a fair trial because of errors contained in part II of the information. These errors related to the dates of his prior convictions that were the basis of his being charged as a persistent violator. This bare assertion of error is not supported by the record. Moreover, by pleading guilty to being a persistent violator Angel waived any legal defenses he may have had as a result of incorrect dates alleged in the information. *State v. Morris,* 97 Idaho 273, 543 P.2d 498 (1975); Idaho Criminal Rule 12(b)(2).

Angel contends that the presentence report was inadequate because it contained mistakes concerning his age, the date of his prior convictions, and the dates of his paroles and incarcerations. The record discloses that at the time of the sentencing hearing Angel and his attorney were aware of the inaccuracies. Angel's attorney pointed out the correct dates to the trial judge. He informed the court Angel was sixty-seven years old, not forty-seven, as the report showed. Angel made no objection at the hearing to the use of the report by the judge in determining the sentence.

Where no objection has been made to a presentence report at a sentencing hearing, and the report substantially addresses the points required by court rule, we will not review a challenge to the report raised on appeal. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982); *State v. Thacker,* 98 Idaho 369, 564 P.2d 1278 (1977); *State v. Wallace,* 98 Idaho 318, 563 P.2d 42 (1977).

Angel also urges that the court's imposition of a five year sentence violated his rights under the Eighth and Fourteenth Amendments. This contention is devoid of

**626**

merit. The record shows that prior to his latest conviction Angel had been convicted of four felonies. Ordinarily, the maximum sentence that could be imposed upon a conviction of the crime of burglary in the second degree would be a fixed term of five years. I.C. §§ 18–1403, 19–2513A. However, as a persistent violator Angel could have been sentenced—for that same burglary—to a term of "not less than five (5) years and said term may extend to life." I.C. § 19–2514. Angel received the minimum sentence available. A sentence imposed within the limits prescribed by statute ordinarily will not be regarded as cruel and unusual. *King v. State,* 91 Idaho 97, 98, 416 P.2d 44, 45 (1966); *State v. Iverson,* 77 Idaho 103, 111, 289 P.2d 603, 607 (1955). Angel has not shown any special circumstances that indicate his sentence was cruel and unusual. We affirm the judgment of conviction and the sentence imposed.

WALTERS, C. J., and BURNETT, J., concur.