658 P.2d 983

Donald R. HOLMES,
Petitioner-Appellant,

v.

STATE of Idaho, Respondent.

No. 13917.

Court of Appeals of Idaho.

Feb. 2, 1983.

Dale Smith, Fruitland, for petitioner-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Donald R. Holmes appeals from an order denying post-conviction relief. He had been convicted and sentenced, upon his plea of guilty to a charge of rape, to the custody of the state Board of Correction for an indeterminate period up to thirty years. Seeking to set aside his conviction and sentence, he applied to the district court for post-conviction relief under I.C. § 19–4902. After an evidentiary hearing, the court entered an order denying the relief sought in Holmes' application. We affirm the order of the district court.

Holmes contends the district court erred because (1) the presentence investigation report, submitted at the time he was sentenced on the rape charge, was "prejudicial"; (2) the thirty-year sentence imposed was harsh and was an abuse of the sentencing court's discretion; (3) his plea of guilty was not voluntary; and (4) newly discovered evidence, i.e., a purported confession by another person, was not given proper weight by the court at the hearing for post-conviction relief.

 Post-conviction relief procedure is subject to all rules and statutes applicable to civil proceedings. I.C. § 19–4907. An applicant for post-conviction relief has the burden of proving, by a preponderance of the evidence, the allegations on which his petition is based. *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969). Where there is competent and substantial evidence to support a decision made after an evidentiary hearing, on an application for post-conviction relief, that decision will not be disturbed on appeal. *Heck v. State,* 103 Idaho

648, 651 P.2d 582 (Ct.App.1982); *Lipps v. State,* 94 Idaho 185, 484 P.2d 734 (1971). Regard shall be given to the special opportunity of the court to judge the credibility of those witnesses who appear personally before it; and the findings of fact of the court will not be set aside on appeal unless clearly erroneous. I.R.C.P. 52(a).

## I. Presentence Report

Holmes contends first that the presentence report, submitted to the sentencing judge following his plea of guilty, was unduly prejudicial and thereby improperly influenced the judge with regard to sentencing. Particularly, he represents that erroneous statements were contained in the report, and that the presentence investigator's conclusions and recommendations for sentencing were prejudicial. He points out that the report failed to reflect that he had been found not guilty of a charge of criminal trespass, which had been listed on his prior record. Also, he argues, the prior record, in the report, exaggerated the number of burglary charges previously filed against him.

In the post-conviction proceeding, Holmes attacked the presentence report as being "inadequate". The district court reviewed the report under the standards of the Idaho Criminal Rules governing presentence procedures and reports, and found that the report complied with those standards.[1] The transcripts of Holmes' plea and sentencing hearings were also submitted to the district court in the post-conviction proceeding.[2] The record shows that, at the sentencing hearing, the alleged deficiencies and inaccuracies in the presentence report, of which Holmes now complains on this appeal, were made known to the sentencing judge.

It is well settled that where a defendant has been accorded the opportunity to exam-

1. Rule 37, I.C.R. (1978), readopted as Rule 32, I.C.R. (1980).

2. Holmes had filed a direct appeal to the Idaho Supreme Court from his conviction and sentence. However, that appeal was voluntarily dismissed immediately before Holmes filed his application for post-conviction relief which we

have under consideration. The transcript and clerk's record in the direct appeal (Supreme Court Case No. 13065) were submitted as part of the post-conviction proceeding, and have been made a part of the record before us, in this appeal, by order of the Supreme Court.

**314**

ine the presentence report and to explain and rebut adverse evidence, inaccuracies in the report do not result in reversible error. *See State v. Johnson,* 101 Idaho 581, 618 P.2d 759 (1980); *State v. Griffiths,* 101 Idaho 163, 610 P.2d 522 (1980); *State v. Pierce,* 100 Idaho 57, 593 P.2d 392 (1979); *State v. Smoot,* 99 Idaho 855, 590 P.2d 1001 (1978); *State v. Ballard,* 93 Idaho 355, 461 P.2d 250 (1969); *State v. Moore,* 93 Idaho 14, 454 P.2d 51 (1969). Here, prior to sentencing, Holmes examined the presentence report and pointed out alleged inaccuracies contained in the report in a letter to the court and, at the sentencing hearing, a state parole officer testified and confirmed some of Holmes' statements regarding the inaccuracies. The record indicates that Holmes exercised his opportunity to correct the report. After making those corrections, no further objection to the report was made. We have held that if no objection is made to a presentence report at the sentencing hearing, and the report substantially meets the requirements established by court rule, we will not review a challenge to the report raised on appeal. *See State v. Angel,* 103 Idaho 624, 651 P.2d 558 (Ct.App.1982); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

A presentence report includes "the presentence investigator's analysis of the defendant's condition." The report must also include a positive plan for rehabilitation, or, where appropriate, state that no available alternatives to incarceration are appropriate to the individual defendant. Both were included in Holmes' report as required. The presentence report was made available to Holmes, and he exercised his opportunity to correct the report in accordance with then applicable Rule 37(f), I.C.R. At the sentencing hearing the court considered both the presentence report and a psychiatric report which contradicted the presentence report in some respects, including an analysis of Holmes' condition and a recommendation for sentencing.

■ A sentencing court presumably is able to ascertain the relevancy and reliability of the broad range of information and material which is presented to it during the sentencing process, to disregard the irrelevant and unreliable, and to properly weigh the remaining evidence which may be in conflict. *State v. Pierce,* 100 Idaho 57, 58, 593 P.2d 392, 393 (1979). It will not be presumed that a sentence imposed resulted from reliance by the sentencing judge upon alleged erroneous and improper statements contained in a presentence report. *State v. Griffiths,* 101 Idaho 163, 610 P.2d 522 (1980).

■ At Holmes' post-conviction hearing, the district court found that Holmes had failed to show by a preponderance of the evidence that prejudice resulted from the presentence report. Substantial and competent evidence supports the court's finding that Holmes was not entitled to post-conviction relief on this point. The finding will not be disturbed. *Heck v. State, supra;* I.R.C.P. 52(a).

*II. Sentence*

Holmes next contends that his thirty-year sentence was harsh and was an abuse of the sentencing court's discretion. He bases this contention on his age (nineteen years) at the time of sentencing, his lack of an extensive prior criminal record, and on sentences imposed upon other defendants in similar cases.

■ It is well settled in this jurisdiction that, on appeal, a sentence within the statutory maximum will not be disturbed unless an appellant shows a clear abuse of discretion. *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). Idaho Code § 18–6104 provides for imprisonment of one year to life for the crime of rape. The indeterminate sentence of thirty years imposed by the sentencing court in this case was within the statutory limits.

■ This Court has stated that the test for showing a clear abuse of discretion, on appeal from sentence, is whether a term of actual confinement exceeds that necessary to protect society, and to achieve the related goals of deterrence, rehabilitation or retribution, under any reasonable view of the

facts of a given case. *State v. Toohill, supra.* For purposes of sentence review, "the term of confinement" is the time until the first eligibility for consideration of the inmate for parole. Under I.C. § 20–223, Holmes would be eligible for review for parole after serving five years of his sentence. The question then, is whether, under any reasonable view of the facts, a term of at least five years would exceed the period of confinement necessary to protect society, and to accomplish the other related goals of sentencing. *Toohill, supra.* As a corollary, where reasonable minds might differ as to the sufficiency of the time of confinement, the discretion of the sentencing court in imposing the sentence will be respected. *Id.*

In Holmes' case, the sentencing judge systematically listed the factors he considered in arriving at the sentence, in conformance with the directions of the Supreme Court in *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). *See also* I.C. § 19–2521. These factors included Holmes' eligibility for parole before his thirtieth birthday; his apparent lack of remorse or repentance for the crime; society's need for protection; the fact that incarceration would neither help nor hurt him; that probation was not feasible or practical; Holmes' impulsiveness and lack of self control; the deterrence to others; that there was no provocation for the crime; and that, in undertaking the crime, Holmes had impersonated a peace officer.[3]

Holmes contends that the lack of gravity of his criminal record, and the psychiatrist's opinion that Holmes should not be considered "a hard-core sociopath who is likely to be a chronic offender," makes the sentence imposed unreasonable and an abuse of discretion. We disagree.

In keeping with the policy that the primary objective of sentencing is the protection of society, in view of the facts of the case, and considering that this crime was committed seven days after Holmes had been released on probation in Oregon on another offense, we do not find a term of at least five years confinement to be unreasonable.[4]

Holmes contends that sentences which have been imposed on other defendants for convictions for rape are substantially less than his sentence, and that the disparity between his sentence and those of other defendants shows an abuse of discretion. We disagree. Our Supreme Court has directed that the trial court must sentence the individual criminal, not the crime category; and that the process must, therefore, be an individualized consideration of all the facts and circumstances surrounding the offense. *See State v. Allen,* 98 Idaho 782, 783, 572 P.2d 885, 886 (1977), and cases cited therein; *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978).

Disparity of sentences between different defendants for committing similar crimes does not constitute excessiveness of sentence as to any particular defendant. *State v. Stewart,* reported as *State v. Seifart,* 100 Idaho 321, 323, 597 P.2d 44, 46 (1979). As stated previously, the sentencing judge carefully considered the facts and circumstances of this case in arriving at the sentence. We find no abuse of discretion by the sentencing judge; and we therefore sustain the determination by the district court below, in the post-conviction proceeding, that there was no abuse of discretion.

### III. Voluntariness of Plea

Holmes next contends that his plea of guilty was not voluntary and should be set

---

3. Using a blue flashing light on top of his vehicle at night, Holmes caused a vehicle ahead of him to pull over to the side of a country road. One of the occupants from Holmes' vehicle approached the other driver (a sixteen-year old female) and told her she was under arrest. She was handcuffed and removed to Holmes' vehicle where Holmes raped her at gun point.

4. We note that whether Holmes is paroled in fact, or remains in confinement beyond the term for first eligibility, depends, in part, upon factors presented to the Commission of Pardons and Paroles which are outside the record before us on appeal in this case. *Toohill,* 103 Idaho at 569, 650 P.2d at 711.

aside. He bases this contention on an alleged representation, by the arresting officer, that Holmes would receive a light sentence if he pled guilty. He asserts that his plea was involuntary because it was "induced" by hopes of a lesser sentence than that imposed.

Our Supreme Court has stated that the voluntariness of a plea and the defendant's understanding of the consequences of the plea is determined by inquiry into (1) whether the defendant understood the nature of the charge against him and whether he was coerced into pleading guilty; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty. The trial court should also inquire as to the existence and nature of any plea bargaining agreement, inform the defendant that sentencing is solely within the discretion of the court, and inform the defendant that any recommendation from the prosecutor is not binding. The voluntariness of a plea may be inferred from the relevant circumstances contained in the record. *State v. Colyer,* 98 Idaho 32, 34, 557 P.2d 626, 628 (1976).

Here, the record shows that Holmes was fully informed, at the time of his plea, of the constitutional rights which he waived by his plea, of the term of imprisonment which could be imposed, and that the court would not be bound by any promises given to Holmes. Holmes assured the court there were no promises for his plea, other than the dismissal of two other counts,[5] and that he was aware he might spend considerable time in jail.

After his plea had been entered and accepted, but before the sentencing hearing was held, Holmes sent the court a letter, saying that his plea was induced by a conversation between him and the arresting officer. The letter was admitted as evidence at the sentencing hearing, was read by the judge, and was included as part of the presentence report. However, Holmes did not move to withdraw his plea of guilty.

Later, at the hearing on the application for post-conviction relief, both Holmes and the arresting officer testified concerning the conversation mentioned in Holmes' letter. The record shows that the conversation was initiated at Holmes' request; Holmes simply asked the officer what the result of a plea of guilty would be. The officer replied that sentencing was up to the judge but that he, the officer, would recommend not less than two years in jail. Holmes contends that the officer's reply induced an involuntary guilty plea. At the hearing for post-conviction relief, the district court ruled that Holmes had failed to prove the involuntariness of the plea by a preponderance of the evidence. We agree and uphold that determination. *Clark v. State, supra.*

## IV. Newly Discovered Evidence

Holmes' final contention is that the district court did not give proper weight to a letter, written by a third person, who purportedly confessed to the crime and exonerated Holmes. The record shows that, at the hearing for post-conviction relief, the author of the letter appeared and testified. He repudiated the exonerating letter. He testified that the letter had been prepared and sent to the court while both he and Holmes were inmates at the penitentiary. He further testified that Holmes had composed the letter and, by threats, induced him—the witness—to copy the letter in his own handwriting and send the copy to the court. He testified that the facts stated in the letter were untrue.

The credibility of this witness, the weight to be given to his testimony and the inferences to be drawn from the evidence, are all matters solely within the province of the court below. *Dalton v. South Fork of the Coeur d'Alene River Sewer District,* 101 Idaho 833, 623 P.2d 141 (1980); Rule 52(a) I.R.C.P. In light of the evidence presented, the district court concluded that Holmes had failed to present sufficient evidence to

---

**5.** Holmes also had been charged with kidnap- ping, and with impersonating a peace officer.

warrant post-conviction relief on the ground of newly discovered evidence. We uphold the determination of the district court in this regard.

The order of the district court, denying relief on Holmes' application for post-conviction relief, is affirmed.

SWANSTROM and BURNETT, JJ., concur.