831 P.2d 953

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Cynthia Kamilla BUNDY, Defendant–Appellant.**

**No. 19577.**

Court of Appeals of Idaho.

May 29, 1992.

**112**

Whittier, McDougall, Souza, Murray & Clark, Chartered, Monte R. Whittier, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Cynthia Bundy was arrested and pled guilty to a charge of grand theft by obtaining property through deception, a felony. I.C. §§ 18–2403(2)(a), 18–2407(1). She argues on appeal that the court erred when it sentenced her after considering an allegedly inadequate presentence report. We affirm.

The facts in this case are not disputed. In November, 1990, Bundy and a male companion obtained a new car worth approximately $18,000 from a Toyota dealership in Pocatello when Bundy wrote a $5,000 check for the down payment upon an account she knew to be closed. She also used a fictitious name and address when signing the check. Bundy's companion drove away in the car, which was never recovered. After her arrest, Bundy told the court she entered the car lot intending to defraud the dealer by writing a bad check.

Bundy pled guilty and told the court she would like to waive or to expedite the presentence investigation because she was four months pregnant, she was experiencing complications with her pregnancy, and she wanted to be sure she received proper medical care. After discussing the matter with Bundy, her counsel, and the prosecutor, the court ordered a "short-form" presentence report. At the sentencing hearing, Bundy's counsel pointed out several alleged errors in the report. Thereafter, the court sentenced Bundy to a unified fourteen-year sentence, with four years fixed.

On appeal, Bundy argues that the presentence report contained substantial errors and lacked the detail required by I.C.R. 32(b). She does not challenge the length of her sentence. Therefore, we restrict our review to whether the court properly considered the allegedly defective presentence report.

Whether to order a presentence report is a decision left to the court's discretion. I.C.R. 32(a). A judge may request a record check and other background information about the defendant without conducting a full presentence investigation. I.C.R. 32(b). However, a report based on a full investigation is to address ten factors, which we list here in abbreviated form: (1) a description of the crime, with versions provided by the defendant, arresting officer, and the victim(s); the defendant's (2) criminal record; (3) social history; (4) educational background; (5) employment history; (6) residence history; (7) financial status; (8) health; (9) sense of values and outlook on life; and (10) the presentence investigator's analysis of the defendant's psychological condition.

■ Where a defendant has had an opportunity to examine the presentence report and to explain and rebut adverse information, inaccuracies in the report do not result in reversible error. *Holmes v. State,* 104 Idaho 312, 314, 658 P.2d 983, 985 (Ct. App.1983). A court is free to consider such a report. *See Cunningham v. State,* 117

Idaho 428, 431, 788 P.2d 243, 246 (Ct.App. 1990). A court presumably is able to determine the relevancy and reliability of information presented during sentencing, and to weigh conflicting evidence. *Holmes*, 104 Idaho at 314, 658 P.2d at 985.

█ The record is clear that, after discussion with the defendant and counsel, the court ordered a short-form presentence report. Counsel did not object at the hearing and does not object on appeal that a short version was ordered. Rather, counsel argues that the report is incomplete and inaccurate.

The report contained a description of Bundy's criminal record, the accuracy of which Bundy confirmed when questioned by the court. The report also contained much of the information that is required in a full report, including versions of the crime according to Bundy, the police, and the victim; Bundy's criminal record; her family history; her residence history; her general social values; her marital history, including children; her employment history; her educational background; her current medical condition; her future plans and outlook; and sentencing recommendations by the investigator.

However, Bundy's counsel argues that what was reported was inaccurate or incomplete. Counsel points to: (a) a typographical error regarding the year of the offense, which the court noted; (b) a statement that five credit histories had recently been run on the couple by other car dealerships—which counsel attempted to rebut by saying that the histories were run on the boyfriend individually; (c) a statement that Bundy had been arrested on similar charges in Arizona—counsel stated that the charges were dropped; (d) a statement regarding outstanding warrants for Bundy in other states, which statement counsel was able to have stricken; (e) a statement regarding the custody of Bundy's son by his natural father—a statement not shown to be untrue; (f) a statement from one of Bundy's doctors that Bundy's condition was not as serious as she thought—counsel was able to provide information to contradict the doctor; (g) Bundy's "prolific" use

of aliases—counsel presented information to the contrary; (h) a statement by Bundy that she had written bad checks in Oregon for over $25,000 but had not been charged for those alleged offenses (to the contrary, counsel argued that charges were brought but no restitution ordered because the merchandise was recovered, and the court noted the correction); (i) a statement that Bundy was uncooperative in providing the address of her mother—rebutted by counsel and noted by the court; and (j) no probation plan was provided. Regarding the last assertion, no probation plan was provided because the investigator recommended incarceration. Moreover, the investigator was not required to suggest a probation plan because this was to be a short-form report. In addition, Bundy's counsel outlined a proposed probation plan, notwithstanding the absence of a suggested plan from the presentence investigator.

The record clearly reveals that counsel was able to present arguments to the court regarding all of the alleged errors. Where information was requested to be stricken, the court acceded. Where inaccuracies were explained, the court considered the explanation. After counsel's presentation, the court stated:

I believe the report is sufficient for sentencing. I might add that [the investigator] did contact the Court and requested more time to complete this report with regard to the allegations of her using aliases and alleged criminal activity in other states, and I advised her that I didn't think we should take anymore time because of her medical condition. So I guess that's maybe one explanation why, if some of these things are true, why they weren't checked out better. But the pre-sentence does go into her—indicates that she has been trained in other—well, employment skills, and it goes into other matters. It's obvious what it says here is pretty clear. With regard to your client's prior record, she's admitted that that's all correct.

In this case, counsel challenged several of the investigator's comments. The challenges were considered fairly by the court.

Importantly, much of the information in the report was accurate and may have helped the court in its sentencing decision. Based on the foregoing, we conclude that the court did not abuse its discretion when it considered the presentence report. The judgment of conviction for theft by deception, including the sentence imposed, is affirmed.