843 P.2d 677

**James Eric RODRIGUEZ,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19933.**

Court of Appeals of Idaho.

Dec. 4, 1992.

Gara B. Newman, Rupert, for petitioner-appellant.

Larry J. EchoHawk, Atty. Gen. and Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

On March 7, 1988, appellant, James Eric Rodriguez pled guilty to aggravated assault, I.C. §§ 18–905, 906, pursuant to a plea bargain agreement wherein the prosecution agreed to recommend a suspended five-year unified sentence with two-and-one-half years fixed, with the imposition of a three-year probation period. This plea agreement was followed by the sentencing court. On July 19, 1988, after a hearing, Rodriguez's probation was revoked, and the court retained jurisdiction for 120 days. On January 16, 1989, the district court again suspended Rodriguez's sentence, and placed Rodriguez on a new period of probation of five years. Rodriguez signed the new probation agreement. On July 5, 1989, Rodriguez was placed on intensive probation after another probation violation in June 1989. Rodriguez violated his probation again and on February 20, 1990, he was allowed to remain on intensive probation. On July 19, 1990, Rodriguez's probation was again revoked, for absconding from supervision, and his suspended sentence was executed.

On January 24, 1992, Rodriguez filed a petition for post-conviction relief alleging that he was prejudiced because he "was not informed that the probationary period would be extended two years," therefore, the court had improperly extended his probation from three to five years. A hearing was held on March 23, 1992; the court found that the substance of Rodriguez's petition had no merit, determining that Rodriguez's probation had been revoked and his sentence executed within the time frame that the original three-year probation would have been in effect. We affirm.

■ A petition for post-conviction relief is controlled by the rules and statutes governing civil proceedings. I.C. § 19–4907. Rodriguez has the burden of proving the allegations on which his petition is based by a preponderance of the evidence. *Holmes v. State*, 104 Idaho 312, 313, 658 P.2d 983, 984 (Ct.App.1983); I.C.R. 57(c).

Where there is competent and substantial evidence to support a decision made after an evidentiary hearing, on an application for post-conviction relief, that decision will not be disturbed on appeal. Regard shall be given to the special opportunity of the court to judge the credibility of those witnesses who appear personally before it; and the findings of fact of the court will not be set aside on appeal unless clearly erroneous.

*Id.* (citations omitted); I.R.C.P. 52(a). The facts are undisputable; Rodriguez was at the hearing to relinquish jurisdiction on January 16, 1989; Rodriguez agreed to, and signed a new probation agreement which included a probationary period of five years; Rodriguez testified at the post-conviction hearing that he knew the five-year probation was in lieu of having his suspended sentence executed. We hold that there was competent and substantial evidence that Rodriguez was informed of and agreed to the change in his probation.

■ Rodriguez also claims that the court incorrectly denied his petition for post-conviction relief because the prosecution did not live up to its portion of the original plea agreement, thus, his probation was improperly extended. Even if this argument were meritorious, Rodriguez's probation violations and probation revocation in July, 1990, occurred prior to the expiration of the initial three-year period of probation. Therefore, Rodriguez suffered no prejudice and any error was harmless. I.C.R. 52.

For the reasons stated above, we affirm the district court order.