893 P.2d 806

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mark R. JOHNSON, Defendant–Appellant.**

No. 21177.

Court of Appeals of Idaho.

Feb. 23, 1995.

Rehearing Denied March 9, 1995.

Petition for Review Denied May 17, 1995.

Lynn, Scott, Hackney & Jackson, Boise, for appellant. J. Gardiner Hackney, Jr., argued.

Alan G. Lance, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

PERRY, Judge.

Mark Johnson appeals his conviction for one count of possession of a controlled substance with intent to deliver. I.C. § 37–2732(a). For the reasons stated below, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

On the morning of June 10, 1993, Rodney Herr, a postal inspector with the United States Postal Service, took possession of an express delivery package at the Boise airmail facility because he suspected it contained a controlled substance. Inspector Herr contacted Detective Clifford Morgan of the Boise Police Department and, together, they inspected the outer markings of the package. They found the following aspects to be suspicious: (1) the package was addressed to M. Loraine in care of a downtown Boise bar—the incomplete name on the address, use of a first name as a last name, and sending the package in care of a public establishment being unusual; (2) the return address on the package was Sims Business Forms in Oakland, California, and handwritten—unusual for packages sent by businesses; (3) the telephone company had no business listing for this return address; and (4) the telephone number for the addressee on the mailing label was not the number of M. Loraine or of the bar, but rather that of Mark Johnson.

Inspector Herr and Detective Morgan reviewed the postal records surrounding Johnson's prior express mailings and found: (1) Johnson had received three express mail packages, at his address, from the same Oakland business address in recent months; (2) each of these packages had been mailed from a zip code other than that of the return address; and (3) Johnson had made two or three express mailings in the preceding months to an address in Oakland. Detective Morgan also discovered that Johnson's California driver's license had been suspended. Therefore, if Johnson was driving in Idaho, he was doing so without privileges.

Detective Dale Rogers, also of the Boise Police Department, arrived at the airmail facility that morning. He brought with him Clancy, a dog trained to find methamphetamine, cocaine, heroin, and marijuana. Two sniff tests were conducted and, each time, Clancy alerted on the container holding the suspicious package. These tests were conducted sometime around 10:30 a.m.

After the sniff tests, Inspector Herr called the bar and asked for M. Loraine. When a woman answered, Detective Morgan got on the telephone and told her that the post office had a parcel it had been unable to deliver to the bar. The woman was given the option of having the post office deliver it the next day or coming to the airmail facility to pick it up. She replied that she would have her boyfriend, Mark Johnson, pick up the package. Detective Morgan agreed that Johnson could pick it up as long as he had identification. The woman's voice was later identified as that of Lorena Peterson.

At approximately 2:15 p.m., Johnson arrived at the airmail facility, walked inside, and requested the package. Detective Morgan, posing as a postal employee, gave the package to Johnson after checking his identification. Johnson returned to his vehicle with the package and began to leave when Detective Rogers blocked his exit from the parking lot. Detective Rogers got out of his vehicle and arrested Johnson for driving without privileges. At that time, Detective Rogers told Johnson that a drug dog had alerted on the package he had picked up. Johnson essentially replied that he didn't

know anything and that he was picking up the package for a friend. The package was removed from Johnson's vehicle.

Inspector Herr and Detective Morgan came out of the airmail facility and approached Johnson. Detective Morgan identified himself to Johnson and told Johnson that he had probable cause to open the package. Detective Morgan asked Detective Rogers for a knife. At this point, Johnson indicated that the police would find cocaine in the package, but that only three grams were intended for him. As Detective Morgan was opening the package, Johnson further stated that it should contain two envelopes, one marked with the initial "L," and one marked with the initial "M." A cassette tape case containing two white envelopes was found inside the package. At that time, Johnson was informed of his Miranda rights. The police had not obtained a warrant prior to either the seizure of the package from Johnson's vehicle or the search of the package by Officer Morgan.

Johnson and Lorena Peterson were each charged with felony possession of cocaine with intent to deliver, I.C. § 37–2732(a)(3), and felony failure to affix a tax stamp, I.C. §§ 63–4202, –4204 and –4205. Following a preliminary hearing, however, only Johnson was bound over to district court by the magistrate.

Johnson filed motions in the district court to suppress the envelopes containing cocaine and certain statements he made regarding the contents of the package. Both motions were denied. Pursuant to an I.C.R. 11(a)(2) plea bargain agreement, Johnson pled guilty to the charge of possession of cocaine with intent to deliver and the tax stamp charge was dismissed. The district court imposed a unified sentence of five years, with a one-year minimum term of confinement. The sentence was stayed pending this appeal.

### ISSUES AND ANALYSIS

On appeal, Johnson raises several issues before this Court. Because of how Johnson challenges the police conduct, we will address each allegation of error based on police con-

duct chronologically as it occurred on June 10, 1993.

■ Johnson argues that the police did not have sufficient probable cause under the Fourth Amendment to: (1) seize the package from its route in the mail stream; (2) subject the package to the dog sniff tests; or (3) make the telephone call to Peterson at the bar to orchestrate the delivery of the package. All of these contested events happened before Johnson arrived and took physical possession of the package from Detective Morgan at 2:15 p.m.

■ Federal jurisprudence requires that defendants charged with possessory crimes establish that their own Fourth Amendment rights have been violated by the contested search and seizure by showing that they had a legitimate expectation of privacy in the place searched or item seized. *State v. Alosa*, 137 N.H. 33, 623 A.2d 218, 220 (1993) *citing United States v. Salvucci*, 448 U.S. 83, 91–92, 100 S.Ct. 2547, 2552–53, 65 L.Ed.2d 619 (1980); *United States v. DiMaggio*, 744 F.Supp. 43, 45 (N.D.N.Y.1990). In order for the defendant to meet this burden, two criteria must be satisfied: (1) the defendant must have a subjective expectation of privacy in the item searched, and (2) such expectation must be one that society deems reasonable or legitimate. Factors that have been considered part of this analysis include ownership, possession, control, ability to regulate access to the evidence, historical use of the item seized, and the totality of the surrounding circumstances. *Alosa*, 137 N.H. 33, 623 A.2d at 221.

■ In this case, Johnson was not the sender of the package, nor the addressee. The only indicia of any interest Johnson may have had in the contents of the package was his phone number written on the outside wrapping. The package was addressed to another person at a location other than Johnson's address. Therefore, there was no showing that Johnson had the ability to exercise control over the package or to prevent other people—particularly the addressee—from accessing the contents prior to its delivery to Johnson. Considering the totality of the circumstances, we perceive no error in the district court's finding that Johnson failed to meet his burden to show that he had a legitimate expectation of privacy in the package prior to 2:15 p.m. Therefore, we find it unnecessary to reach Johnson's challenges to the conduct of the police prior to 2:15 p.m. The record does appear to show, however, that Johnson had an expectation of privacy in the package after 2:15 p.m. because he then had possession and control of the package as well as the ability to regulate access to it.

■ Counsel for Johnson conceded in his reply brief and at oral argument that under the totality of the circumstances of the police actions prior to 2:15 p.m., the police had probable cause to seize the package from Johnson's vehicle. Johnson contends, however, that the subsequent warrantless search by opening the package was invalid and the evidence obtained as a result of that search should have been suppressed. The state responds that the warrantless search can be upheld in this case under either the search incident-to-arrest exception or the automobile exception to the Fourth Amendment requirements for a search warrant.

■ A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *State v. Curl*, 125 Idaho 224, 225, 869 P.2d 224, 225 (1993); *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct.App.1993). A search incident to a valid arrest is among those exceptions, and thus does not violate the Fourth Amendment proscription against unreasonable searches. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Therefore, when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment. He may also examine the contents of any containers, open or closed, found within the passenger compartment. *New York v. Belton*, 453 U.S. 454, 460–61, 101 S.Ct. 2860, 2864–65, 69 L.Ed.2d 768 (1981); *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct.App.1993). Justification for the search is not that the arrestee has no privacy interest in the container, but

**863**

that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have. *Belton,* 453 U.S. at 461, 101 S.Ct. at 2864–65.

The package containing the envelopes of cocaine was seized from Johnson's vehicle by the police after Johnson had been arrested for driving without privileges. The search of the package took place immediately thereafter in Johnson's presence. Therefore, we find that the arrest justified the infringement of any privacy interest Johnson may have had in the package. We hold that the district court did not err in finding that there was a valid search incident to arrest. Accordingly, we find it unnecessary to address the state's remaining argument that the search was also valid under the automobile exception to the warrant requirement.

■ Next, Johnson argues that his statements regarding the cocaine contained in the package should be suppressed because they were coerced by the officers' interrogation before Johnson was advised of his Miranda warnings. We disagree.

■ Miranda safeguards come into play whenever a person in custody is subjected to interrogation (express questioning and/or words or actions of the police that they knew or should have known were reasonably likely to elicit an incriminating response from the suspect). *Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980). Statements made must also meet the constitutional standard of voluntariness. *State v. Hall,* 111 Idaho 827, 833, 727 P.2d 1255, 1261 (Ct.App. 1986). Any waiver of Miranda rights or the underlying constitutional privilege against self-incrimination must be made voluntarily, knowingly, and intelligently. An appellate review of this waiver issue encompasses the totality of the circumstances. *Id.*

In testifying at the hearing on the motions to suppress, Detective Morgan, Detective Rogers, and Inspector Herr gave differing accounts of the conversation between Johnson and Detective Morgan after Johnson's arrest and just prior to the search of the package. The district court found that Detective Morgan took the package and told

Johnson he was going to open it. Detective Morgan then asked Detective Rogers for a knife. At that point, Johnson told Detective Morgan that he was going to find cocaine in the package, but that only three grams belonged to Johnson. Johnson further stated that the remaining cocaine was for his girlfriend. Detective Morgan opened the package and found a cassette tape case bound with a rubber band. Inside the case were two white envelopes. Detective Morgan secured the package and advised Johnson of his Miranda warnings.

■ On appeal, due regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it. Findings of fact of the trial court will not be set aside on appeal unless clearly erroneous. I.R.C.P. 52(a); *Holmes v. State,* 104 Idaho 312, 313, 658 P.2d 983, 984 (Ct.App.1983). Upon reviewing the record, we hold that there is substantial, competent evidence to support the district court's findings concerning Johnson's admissions. Prior to the opening of the package by Detective Morgan, Johnson had disclaimed any knowledge of its contents. Johnson could have continued to deny any knowledge or he could have remained silent. Instead, Johnson volunteered his information to the police. The record does not support Johnson's contention that he was induced or coerced by the police conduct sufficiently to require suppression of the statements. The district court's conclusion that Johnson's admissions were voluntary was proper. Upon review, we hold that there was no constitutional violation of Johnson's rights. We find no error in the district court's denial of the motion to suppress Johnson's statements.

## CONCLUSION

We hold that Johnson had no legitimate expectation of privacy before 2:15 p.m. and, therefore, cannot challenge the police conduct prior to the delivery of the package. The district court's finding that there was a valid warrantless search incident to arrest is affirmed. We find there is substantial, competent evidence to support the district court's denial of Johnson's motion to suppress the envelopes containing cocaine. Finally, we

hold that the conduct of the police did not rise to coercion of Johnson's statement or that Miranda warnings were required. The district court's denial of Johnson's motion to suppress the statements was proper. Therefore, we affirm the judgment of conviction for possession of a controlled substance with intent to deliver.

LANSING, J., and SWANSTROM, J. Pro Tem, concur.