**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39588**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 674 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 20, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRANDON JOSHUA PEASLEE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified life sentence, with a minimum period of confinement of ten years, for conspiracy to commit robbery, affirmed.

Eric D. Fredericksen of Brady Law, Chtd., Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Brandon Joshua Peaslee appeals from his judgment of conviction and unified life sentence, with a minimum period of confinement of ten years, for conspiracy to commit robbery. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In May 2011, Peaslee and a co-conspirator attempted to rob a convenience store in Garden City. Peaslee drove the co-conspirator to the store and provided him with a shotgun. Outside the store, the co-conspirator loaded a round into the shotgun and the shotgun jammed. However, Peaslee fixed the shotgun, making it operational again, and returned it to the co-conspirator who successfully loaded it. Peaslee waited outside while the co-conspirator entered the store to commit the robbery. The co-conspirator entered the store and demanded money from

1

the clerk. When the clerk was unable to open the safe, the co-conspirator fired multiple times, hitting the clerk in the arm and chest. The co-conspirator then fled the store.

Following the incident, police in Garden City received tips leading them to interview the co-conspirator. During the interview, the co-conspirator implicated Peaslee. An officer contacted Peaslee and requested to speak with him in person. Peaslee suggested meeting at the Mountain Home Police Department or Elmore County Sheriff's Office because Peaslee was visiting his girlfriend in the Mountain Home area. Officers agreed and Peaslee drove himself to the Elmore County Sheriff's Office. There, Peaslee was met by two officers who performed a pat-down search for weapons, then escorted Peaslee inside the building. At the beginning of the interview, one of the officers informed Peaslee he was not under arrest. Officers then interviewed Peaslee for approximately forty minutes. While Peaslee initially denied any knowledge of the robbery, he eventually admitted his involvement. Peaslee wrote out and signed a confession. Peaslee also consented to a search of his car. Inside the vehicle, officers located two loaded shotguns, ammunition, a ski mask, and gloves.

A grand jury indicted Peaslee on one count of conspiracy to commit robbery (I.C. §§ 18-6501, -6502, and -1701) and one count of infliction of great bodily harm during an attempted felony or conspiracy (I.C. § 19-2520B). Peaslee moved to suppress his statements made to officers, arguing he did not validly waive his *Miranda*[1] rights. The district court conducted a hearing and denied the motion. Peaslee entered a conditional guilty plea to conspiracy to commit robbery and the state dismissed the remaining charge. Peaslee reserved the right to appeal the denial of his motion to suppress. The district court accepted Peaslee's plea and imposed a unified life sentence, with a minimum period of confinement of ten years. Peaslee appeals.

## II.

## ANALYSIS

### A. Motion to Suppress

Peaslee argues the district court erred in failing to grant his motion to suppress.[2] The state argues Peaslee was not in custody for purposes of *Miranda* and that the district court's

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Peaslee's brief articulates the issue as whether his statements were coerced and obtained in violation of his right to due process. The specific issue of the voluntariness of Peaslee's

finding that Peaslee knowingly and voluntarily waived his *Miranda* rights is supported by substantial and competent evidence. For purposes of this decision, we assume without deciding that Peaslee was in custody for *Miranda* purposes.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Any waiver of *Miranda* rights or the underlying constitutional privilege against self-incrimination must be made knowingly, voluntarily, and intelligently. *State v. Dunn*, 134 Idaho 165, 169, 997 P.2d 626, 630 (Ct. App. 2000). The state bears the burden of demonstrating that an individual has knowingly, voluntarily, and intelligently waived his or her rights by a preponderance of the evidence. *State v. Doe*, 131 Idaho 709, 712, 963 P.2d 392, 395 (Ct. App. 1998). A trial court's conclusion that a defendant made a knowing and voluntary waiver of his or her *Miranda* rights will not be disturbed on appeal where it is supported by substantial and competent evidence. *State v. Luke,* 134 Idaho 294, 297, 1 P.3d 795, 798 (2000). An appellate review of this waiver issue encompasses the totality of the circumstances. *State v. Johnson*, 126 Idaho 859, 863, 893 P.2d 806, 810 (Ct. App. 1995).

In this case, officers notified Peaslee of his *Miranda* rights both verbally and in writing. On a notification of rights form, Peaslee affirmatively indicated he understood his rights and, having them in mind, he still wished to speak with officers. At the suppression hearing, Peaslee testified that he is a high school graduate, English is his first and only language, and he

confession, as distinguished from a valid *Miranda* waiver, was not raised before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Peaslee does not argue fundamental error and we do not address this issue on appeal. However, Peaslee also incorporates by reference the arguments made by counsel below in the brief supporting the motion to suppress. We address these arguments on appeal.

considered himself to possess at least average intelligence. While Peaslee argues that the notification of rights form used in this case was deceptive, the form belies this assertion. The form provided as follows:

I have the right to remain silent.

Anything I say may be used against me in a court of law.

I have the right to talk to a lawyer, and have my lawyer present with me while being questioned.

If I cannot afford to hire a lawyer, one will be appointed to represent me free of charge before any questioning.

I can decide at any time to exercise these rights, and not answer any questions or make any statements.

I understand these rights, and having them in mind, I wish to talk to the officer now.

Each statement contained a box next to it in which an individual could write his or her initials. Peaslee initialed each box and signed at the bottom of the form. Peaslee then made incriminating statements during the course of the interview. The district court held that, because Peaslee was immediately advised of his rights orally and in a plain English form which Peaslee understood, Peaslee knowingly, voluntarily and intelligently waived those rights.

In *Berghuis v. Thompkins,* 560 U.S. 370, 130 S. Ct. 2250 (2010), the United States Supreme Court held that "a suspect who has received and understood the *Miranda* warnings, and has not invoked his *Miranda* rights, waives the right to remain silent by making an uncoerced statement to the police." *Berghuis*, 560 U.S. at ___, 130 S. Ct. at 2264. Further, on prior occasions, this Court has addressed the effect that a defendant's understanding of his or her *Miranda* rights, after being properly advised, has on the admissibility of subsequent incriminating statements. We have consistently held that, absent intimidation, coercion or an unambiguous assertion of the *Miranda* rights, a defendant who knows and understands his or her rights can waive them if he or she proceeds to make incriminating statements by voluntarily responding to police questioning. *See State v. Butcher,* 137 Idaho 125, 132, 44 P.3d 1180, 1187 (Ct. App. 2002) (holding that defendant who was advised of his *Miranda* rights, refused to sign waiver form and then made incriminating statements to police, had effectively waived his rights);

4

*State v. Jaco,* 130 Idaho 870, 874, 949 P.2d 1077, 1081 (Ct. App. 1997) (holding that defendant who was advised of his *Miranda* rights and clearly understood them, waived them when he voluntarily responded to police questioning).

In this case, the totality of the facts and circumstances demonstrate that Peaslee understood his rights and voluntarily made incriminating statements. At no point did Peaslee demonstrate any equivocation in responding to the questioning and there is no evidence that he was subjected to intimidation or coercion. The notification of rights form was not deceptive and Peaslee testified he understood each of the statements he initialed. Moreover, Peaslee suggested the location for the interview, drove himself to that location, and was told he was not under arrest. Therefore, the district court correctly found Peaslee was advised of his *Miranda* rights; understood them; and provided a knowing, intelligent, and voluntary waiver.

**B.      Excessive Sentence**

Peaslee also argues that the district court abused its discretion when it imposed a unified life sentence, with a minimum period of confinement of ten years, in light of mitigating factors present in this case. The state argues Peaslee has failed to show his sentence is excessive under any reasonable view of the facts.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The record indicates that, despite Peaslee's lack of a criminal background, Peaslee demonstrated an aggressive persona. Peaslee posted a number of pictures online which depicted himself posing with guns and knives. Consistent with this persona, when officers searched Peaslee's vehicle, they discovered two loaded shotguns. Further, Peaslee played a significant role in this crime. Peaslee drove the co-conspirator to the store, supplied him with a shotgun, and even went so far as to remedy a jam in the shotgun to make sure it would fire. These actions taken by Peaslee led directly to permanent and serious injuries sustained by the victim.

The district court considered a number of mitigating factors, including that Peaslee had a good background, supportive family, is an intelligent individual, and does not suffer from any type of major mental illness. The district court recognized that Peaslee had no criminal history, much less any previous violent offenses. However, despite these mitigating factors, the district court found that protection of society, along with specific and general deterrence, warranted a unified life sentence with a minimum period of confinement of ten years. Having thoroughly reviewed the record in this case, we cannot say the district court abused its discretion by imposing this sentence.

## III.

## CONCLUSION

Peaslee's incriminating statements were made knowingly, voluntarily, and intelligently after he was advised of his *Miranda* rights and indicated that he understood them. Therefore, the district court did not err in denying Peaslee's motion to suppress. Peaslee also failed to demonstrate an abuse of discretion in the length of his sentence. Therefore, Peaslee's judgment of conviction and unified life sentence, with a minimum period of confinement of ten years, for conspiracy to commit robbery is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**