John Glenford Gregory MacLEOD, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 18445.

United States Court of Appeals Ninth Circuit.

Jan. 13, 1964.

4. In the Matter of Flexible Conveyor Co., 156 F.Supp. 164, 174 (N.D.Ohio 1957).

454

J. P. Sanderson, Seattle, Wash., for petitioner.

Cecil F. Poole, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

Before MERRILL and BROWNING, Circuit Judges, and MURRAY, District Judge.

PER CURIAM:

This case is before the court for review, and the court has jurisdiction by virtue of Public Law 87–301, 8 U.S.C. § 1105a.

Petitioner, who was admittedly born in the United States, is married to a citizen of Canada and is the father of three children, two of whom were born in Canada and one in the United States. From an early age he lived most of the time in Canada, but was frequently in the United States. He last entered the United States on December 9, 1961, and was admitted as a citizen of the United States.

The Immigration and Naturalization Service served an Order to Show Cause on petitioner dated June 12, 1962. The order alleged he was a native of the United States and a citizen of Canada and that at the time of his entry he did not have a valid entry document and that as a result he was subject to deportation under Section 241(a) (1) of the Immigration and Nationality Act.[1]

A hearing was had on the Order, at which petitioner did not testify, but evidence of statements by petitioner was introduced in which he admitted having voted in "municipal and provincial elections" in Canada. There was no evidence as to the nature of the elections other than that they were "municipal and provincial". The Special Inquiry Officer concluded that the petitioner lost his United States citizenship by voting in a political election in a foreign state, under the provisions of Section 349(a) (5) of the Immigration and Nationality Act of 1952 (8 U.S.C., 1481(a) (5)).[2]

Petitioner appealed to the Board of Immigration Appeals on the ground, among others, that the Order to Show Cause did not charge loss of citizenship by voting in Canada. The Board of Appeals on this point held: "The Order to Show Cause charges that the respondent is an alien, * * *. This is sufficient to place him on notice." The appeal was dismissed.

The petition for review in this court sets forth many grounds for relief, among others that the Order to Show Cause did not allege petitioner lost his United States citizenship by voting in Canada. Because of our view of that matter we need only consider that ground.

█ This is not a criminal proceeding and the niceties of criminal pleading are not required, but the Order to Show Cause here does not contain any of the factual allegations required by the regulations established to control proceedings to determine deportability, 8 CFR 242.1

1. 8 U.S.C. § 1251(a) (1).

2. 8 U.S.C. § 1481(a) (5).

(b), nor does it inform him of the nature of the charges he must meet.

The Order to Show Cause alleges he was born a citizen of the United States. The further allegation that he is now a citizen of Canada is a mere conclusion. The petitioner under elementary principles was entitled to know the factual basis upon which the Service contended he lost his United States citizenship. Takeo Tadano v. Manney (9th Cir.) 160 F.2d 665.

It is ordered that the final order of the Special Inquiry Officer is reversed and set aside.

It is further ordered that the Order to Show Cause is dismissed without prejudice to the commencement of further proceedings by the Immigration and Naturalization Service as it may be advised.