**Lawrence BEN HUIE aka Hoy Ben Yuen, aka Hoy Ming Wah, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.**

**No. 19609.**

United States Court of Appeals Ninth Circuit.

Aug. 18, 1965.

Rehearing Denied Sept. 23, 1965.

J. P. Sanderson, Seattle, Wash., for petitioner.

Cecil F. Poole, U. S. Atty., Charles El- mer Collett, Asst. U. S. Atty., San Fran- cisco, Cal., for respondent.

Before HAMLEY and JERTBERG, Circuit Judges, and MATHES, Senior District Judge.

JERTBERG, Circuit Judge.

Petitioner has filed a petition for re- view with this court requesting that the order of the Immigration and Naturaliza- tion Service that he be deported be set aside. We have jurisdiction to review the order of deportation under Section 106(a) of the Immigration and Nation- ality Act (8 U.S.C. § 1105a(a)).

The Immigration and Naturalization Service served on petitioner an Order to.

Show Cause dated August 30, 1963. The order alleges that petitioner is a native and citizen of China who last entered the United States at Seattle, Washington, about October 1, 1959, at which time he claimed to be Hoy Ben Yuen, a citizen of the United States; that he was not then a citizen of the United States and did not present himself for inspection as an alien, and was not inspected as an alien by a United States Immigration officer. The order to show cause charges that petitioner is deportable under the provisions of § 241(a) (2) of the Immigration and Nationality Act (8 U.S.C. § 1251(a) (2)). This section in substance states that any alien in the United States shall, on the order of the Attorney General, be deported who entered the United States without inspection.

A hearing was had on the order to show cause, at which hearing petitioner was represented by counsel.

At a reopened hearing the Immigration and Naturalization Service lodged a new charge, in addition to that contained in the order to show cause, alleging that petitioner was in the United States in violation of law because he failed to meet the burden of proof imposed upon him by the provisions of § 291 of the Immigration and Nationality Act (8 U.S.C. § 1361), to show the time, place and manner of his entry into the United States.

The petitioner did not testify at either hearing nor was any testimony offered in his behalf.

At the conclusion of the hearings the Special Inquiry Officer concluded:

> "On the basis of all the evidence presented the government has established deportability as charged in the order to show cause by a preponderance of reasonable, substantial and probative evidence. The charge in the order to show cause is sustained."

The hearing officer also concluded that since the evidence introduced by the government which consisted of a voluntary statement made under oath by petitioner dated March 21, 1961, revealed the time, place and manner of petitioner's last entry into the United States, the charge lodged at the reopened hearing was not sustained.

Petitioner appealed to the Board of Immigration Appeals. The Board affirmed the decision of the Special Inquiry Officer finding petitioner deportable on the charge contained in the order to show cause and dismissed the appeal.

We will now proceed to summarize the proceedings before the Special Inquiry Officer. At the hearing the government first called the petitioner as a witness. He refused, on advice of his counsel, to be sworn and testify in the proceedings. The government introduced into evidence three prior sworn statements of petitioner. The first bears date March 21, 1961, while petitioner was represented by counsel other than the counsel who represented petitioner at the hearing before the Special Inquiry Officer. In that statement petitioner stated that his name was Lawrence Ben Huie, born August 12, 1937, in China, the blood son of Huie Lung Dan, a United States citizen; that he came to the United States the first time in January 1952; that his father died in April, 1953 at Yakima, Washington; that he was issued an administrative certificate of citizenship dated March 17, 1958; [1] that he later obtained a United States passport and in July, 1959, went to Hongkong where he was married to a native of China; that he returned to the United States in late September, 1959.

In the second statement dated November 20, 1961, petitioner stated that he had filed a petition dated October 23, 1959, to have his wife granted nonquota status on the basis of his claim to United States citizenship; that the American Consul refused to issue her a visa because he had evidence petitioner's name was not Huie.

The third statement, dated June 12, 1962, was made before an investigator of

---

1. Pursuant to § 341 of the Immigration and Nationality Act (8 U.S.C. § 1452).

the Immigration Service. In this statement petitioner stated he was Hoy Ming Wah, a native and citizen of China who was adopted at the age of five years by Hoy Wing Dai, and that he did not know his parents' names; that his adoptive father, Hoy Wing Dai, made arrangements for him to come to the United States as the United States citizen son of Hoy Lung Dan.

Several days thereafter the Immigration Service addressed a letter to petitioner requesting him to surrender his administrative certificate of citizenship. On June 17, 1962, petitioner replied as follows:

"In answer to your letter of June 14, 1962, I am returning my certificate of citizenship as you requested. I am grateful for your advice and help. I know I should have told you the truth a long time ago. But I wanted my wife to be with me as soon as possible. It has been a long time since I have seen her. I married her in September 1959 and naturally I am very anxious to be with her again. Every day I dream of having her here with me in Yakima."

On March 19, 1963, an order was entered by the District Director of the Immigration Service at Seattle, Washington, cancelling the petitioner's certificate of citizenship under the provisions of § 342 of the Immigration and Nationality Act (8 U.S.C. § 1453).[2] The last paragraph of the order recites that petitioner was served November 19, 1962 with notice of intention to cancel the certificate of citizenship; that he was given a period of ninety days when he should show cause why it should not be cancelled and that no response was made by petitioner.

As above stated the petitioner did not testify in the proceedings although the Special Inquiry Officer gave him many opportunities to do so after the close of the government's case. No witnesses were offered to testify on behalf of petitioner. No offer of proof was made on behalf of the petitioner. At the hearing petitioner relied exclusively on his objections to the admissibility of the sworn statement dated June 12, 1962, asserting that the statement was involuntary, unlawfully obtained, taken from the petitioner without benefit of counsel, by duress, and that the hearing was criminal in nature and was conducted contrary to law and without due process of law.

While petitioner purports to present many questions for review, and makes many specifications of error, we find much repetition and redundancy. We agree with the statement in the government's brief that these questions may be condensed as follows:

1. Is the proceeding by Order to Show Cause proper in accordance with Section 242(b) (8 U.S.C. § 1252(b));

2. Where entrance to the United States is gained by a false claim to citizenship, is the charge of entering without inspection proper under Section 241(a)(2) (8 U.S.C. § 1251(a)(2));

3. Was the statement of June 12, 1962 properly admitted into the record;

4. Was petitioner accorded due process and a fair hearing.

 Petitioner contends that the government erred in instituting the proceedings by order to show cause instead of a warrant of arrest as provided for by 8 U.S.C. § 1252, thereby placing on petitioner the burden of proving that he is

2. This section authorizes the Attorney General to cancel any certificate of citizenship:
 "issued or made by the Commissioner or a Deputy Commissioner or hereafter made by the Attorney General if it shall appear to the Attorney General's satisfaction that such document or record was illegally or fraudulently obtained from, or was created through illegality or by fraud practiced upon,

him or the Commissioner or a Deputy Commissioner."
 Said section specifically states in the last sentence,
 "The cancellation under this section of any document purporting to show the citizenship status of the person to whom it was issued shall affect only the document and not the citizenship status of the person in whose name the document was issued."

not subject to deportation. Proceedings by order to show cause are set forth in C.F.R. 242.1. Such practice was approved *sub silentio* by this Circuit in MacLeod v. Immigration and Naturalization Service, 327 F.2d 453 (9th Cir. 1964). The Board in dismissing petitioner's appeal clearly recognized that the burden of establishing the prima facie case was upon the government. The Special Inquiry Officer stated in his decision: "The government has the burden of proving its case by a fair preponderance of the evidence", and further that the evidence presented by the government established deportability by a preponderance of reasonable, substantial and probative evidence.

We find no merit in petitioner's contention.

 We believe that where entrance to the United States is gained by a false claim to citizenship of the United States, the charge of entering without inspection was proper under § 241(a) (2), (8 U.S.C. § 1251(a) (2)). It appears to be well-settled that an alien who enters the United States on a false claim of citizenship of the United States, thus avoiding inspection as an alien, is deportable. United States ex rel. Volpe v. Smith, 62 F.2d 808 (7th Cir. 1933), affirmed 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298; Saadi v. Carr, 26 F.2d 458 (9th Cir. 1928).

At no time subsequent to his entry has petitioner asserted any claim to United States citizenship. As he is in the United States, he could have resorted to the provisions of Section 360 of the Act (8 U.S.C. § 1503) and filed an action under the Declaratory Judgment Act (28 U.S.C. § 2201). Also available are the provisions of § 106(a) (5) (8 U.S.C. § 1105a (a) (5)). But nowhere in the petition, the brief, or the administrative proceedings is there any claim that the petitioner is a citizen of the United States.

The sworn statement of petitioner dated June 12, 1962, was properly received in evidence. There is nothing in the record indicating that the statement was induced by coercion, duress, or other improper action on the part of the immigration officer. Petitioner had plenty of opportunity to present such evidence if in existence. We have only the bare assertions of petitioner's counsel which we find are without foundation in fact. Contrary to many assertions appearing in the briefs filed by petitioner, deportation proceedings are civil in nature and not criminal. MacLeod v. Immigration and Naturalization Service, supra.

We have carefully examined the record of the proceedings before the Special Inquiry Officer. In our view petitioner was accorded due process and a fair hearing.

The order appealed from is affirmed.