609 P.2d 175

STATE of Idaho, Plaintiff-Respondent,

v.

Betty Jane MITCHELL, Defendant-Appellant.

No. 13216.

Supreme Court of Idaho.

April 8, 1980.

Ronald J. Jarman, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Howard W. Carsman, Deputy Attys. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

Defendant was charged with the first degree murder of her husband. She was arrested in her Boise motel room, at which time she confessed. After a preliminary hearing, defendant moved to suppress the confession on the grounds that it was not voluntarily and knowingly given. After reviewing affidavits of three doctors and two of the arresting officers, listening to the taped confession, and reading the transcript of the preliminary hearing, the district judge found that a genuine issue of material fact existed with respect to the voluntari-

ness of the confession. On that basis, the district judge decided to submit the question to the jury, rather than determine that issue himself.

The defendant requested an appeal by certification. This Court granted the certification on the following issue, as articulated by the district court:

> "When a motion is made to suppress a confession in a first degree murder case, on the grounds that the confession was not knowingly or voluntarily given, is it proper to deny the motion and submit to the jury the issue of voluntariness, when the trial court has only found that a genuine issue of material fact exists, and has not found that the state has proven the confession to have been knowingly and voluntarily given by a preponderance of the evidence, or proven the same beyond a reasonable doubt?"

The district court erred in ordering the issue submitted to the jury. The question is controlled by the decision of this Court in *State v. Dillon*, 93 Idaho 698, 471 P.2d 553 (1970). *See Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

Reversed and remanded.