908 P.2d 581

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Javier DAVILA, Defendant–Appellant.**

**No. 21353.**

Court of Appeals of Idaho.

Dec. 21, 1995.

---

Javier Davila, Boise, pro se appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Javier Davila pled guilty to trafficking cocaine, in violation of Idaho Code Section 37–2732, reserving the right to appeal the adverse rulings on his pre-trial motions. He was sentenced to three to five years' incarceration, which was later modified to a unified sentence of three years, with a one-year minimum period of confinement, on Davila's I.C.R. 35 motion. On appeal, Davila contests the denial of his motion to suppress the statement he gave to an immigration officer who conducted an interview upon his arrest and the denial of his motion for disclosure of the identity of a confidential informant. Davila also claims that his sentence was an abuse of the district court's discretion. We affirm.

## I.

### ANALYSIS

### A. MOTION TO SUPPRESS

Davila argues that his statement to the immigration officer should have been suppressed by the district court. In his motion to suppress, Davila alleged that officer Martinez, during his interrogation of Davila, implied that Davila's fingerprints had been found on the cocaine packaging. Davila asserted that he was led to believe that the police had obtained fingerprint evidence, at which point he gave a statement to the officer in an effort to explain his fingerprints on the packaging. He asserts that his state-

ment should have been suppressed because it was not voluntary, having been elicited as a result of officer Martinez's representation that the police had evidence which Davila later learned they did not actually possess.

Prior to addressing the voluntariness question, however, we consider Davila's procedural argument that the district court improperly shifted the burden of persuasion to him at the suppression hearing. The state concedes that it bears the burden of persuasion at a suppression hearing to show that Davila's *Miranda* waiver and subsequent statement were not obtained in violation of his constitutional guarantees. The state asserts, however, that it was not reversible error for the district court to place the burden of going forward with the evidence at the hearing on Davila, who was moving to suppress his alleged involuntary statement.

■ Trial courts in Idaho generally cast the burden of producing evidence of a particular fact in issue upon the party who has pleaded the existence of the fact. Because Davila's motion claimed that his statement was procured as a result of police deception, the district court called on Davila first to present his witnesses at the suppression hearing. Only one witness, officer Martinez, testified at the suppression hearing. Davila questioned him about the interview session and the particular question or conduct which purportedly coerced Davila into giving the incriminating statement.

In requesting that Davila proceed first and call his witnesses at the suppression hearing, the district court reasoned that it was logical for the moving party to inform the court as to why the statement was involuntary. The district court stated that at the pre-trial stage, where Davila had moved to suppress his statement, Davila should initially present some evidence showing why he thought the statement should be suppressed, rather than to have the state present unnecessary witnesses and irrelevant evidence speculating on the grounds of the motion that Davila was pursuing.

■ The procedure for establishing the voluntariness of a confession has been expressed as follows:

Generally, the prosecution can meet its burden of proving a *prima facie* [case] of voluntariness by eliciting from the interrogating officer that the suspect had not been threatened or promised anything and appeared to freely decide for himself to forego the assistance of counsel and to provide an incriminating statement. If the defendant introduces evidence suggesting official overreaching and a significant impact of that overreaching upon the suspect, of course, the prosecution may well have to respond with more detailed and persuasive evidence in order to meet its burden of persuasion.

C. McCORMICK ET AL., McCORMICK ON EVIDENCE § 151 (John W. Strong ed., 4th ed. 1992). The district court rightly perceived the burden of persuasion on the voluntariness issue as belonging to the state. We find no reversible error in the procedure followed by the district court at the suppression hearing in this case, however, where Davila was allowed to specifically challenge the interrogation procedures and where the state was then required to only address those specific challenges.

We next consider whether Davila's statement was coerced as a result of misleading factual representations by the police and by the mere presence of an immigration agent, officer Martinez, who conducted the interrogation in lieu of a local law enforcement officer. Davila argues that there was sufficient evidence for the district court to find coercive conduct on the part of the officers, which finding would require a determination that the statement was involuntary and suppressible.

■ In reviewing an order denying a motion to suppress evidence, the appellate court will not disturb the district court's determinations of fact which are based upon substantial evidence, but will exercise free review of the lower court's decision as to whether the constitutional requirements have been satisfied in light of the facts found. *State v. Carey*, 122 Idaho 382, 384, 834 P.2d 899, 901 (Ct.App.1992), citing *State v. Aitken*, 121 Idaho 783, 828 P.2d 346 (Ct.App.1992). Although the ultimate issue of voluntariness of a confession sought to be suppressed is a

legal question, *Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *State v. Mitchell*, 101 Idaho 108, 609 P.2d 175 (1980), the trial court's underlying factual findings as to whether the police intimidated, threatened or coerced the suspect to make a statement are measured by a totality of the circumstances test. *Fulminante*, 499 U.S. at 286, 111 S.Ct. at 1252; *State v. Padilla*, 101 Idaho 713, 718, 620 P.2d 286, 291 (1980); *Carey*, 122 Idaho at 384, 834 P.2d at 901.

At the suppression hearing, officer Martinez testified that he read Davila his *Miranda* warnings at the start of the interview and that Davila signed a waiver of rights form. Martinez said that fifteen or twenty minutes into the interview, he asked Davila why his fingerprints would be on the cocaine packaging. At that time, Martinez testified, he was not aware that any fingerprint tests had been done or that any fingerprint evidence had been obtained. Martinez acknowledged that the phrasing of his question was an interrogation technique, which prompted Davila to make an incriminating statement. Martinez testified that the interview lasted approximately forty minutes, was conducted entirely in Spanish, and that, although detective Marshall was present in the interrogation room, Martinez alone questioned Davila.

In ruling on the motion to suppress, the district court concluded that there was no evidence to support a holding that any police threats, promises or coercion had prompted Davila to make an incriminating statement. The district court also held that Davila's statement was not vitiated by Martinez's interrogation strategy, therefore, the district court concluded that Davila's statement had been voluntarily made.

■ The voluntariness of a confession need be established only by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986), *citing Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *State v. Culbertson*, 105 Idaho 128, 130, 666 P.2d 1139, 1141 (1983). To determine the voluntariness of a confession, the court must consider the effect that the totality of the circumstances had upon the will of the defen-

dant. *Miller v. Fenton*, 796 F.2d 598, 604 (3d Cir.1986), *cert. denied, Miller v. Neubert*, 479 U.S. 989, 107 S.Ct. 585, 93 L.Ed.2d 587 (1986). The question in each case is whether the defendant's will was overborne when he confessed. *Id.*

■ Deceptive police practices do not necessarily create coercion which would render a suspect's subsequent confession involuntary and excludable. Confessions derived during the course of interrogations have been upheld as voluntary, notwithstanding misrepresentations of facts by the police, such as telling a defendant that his fingerprints were found on physical evidence or at the scene. *See e.g., Sovalik v. State*, 612 P.2d 1003 (Alaska 1980); *State v. Cobb*, 115 Ariz. 484, 566 P.2d 285 (1977); *State v. Winters*, 27 Ariz.App. 508, 511, 556 P.2d 809, 812 (1976); *People v. Kashney*, 111 Ill.2d 454, 95 Ill.Dec. 835, 490 N.E.2d 688 (1986); *State v. Haywood*, 232 Neb. 97, 439 N.W.2d 511 (1989) (statement upheld even after defendant was told his fingerprints were found on bags of cocaine). This Court also recently upheld the denial of a motion to suppress where the district court found that representations by the officer did not rise to such a level as to constitute coercion. *State v. Whiteley*, 124 Idaho 261, 269, 858 P.2d 800, 808 (Ct.App. 1993).

Courts have uniformly accepted the police's technique of telling a suspect they have found some incriminating evidence to elicit statements from a suspect on the view that an innocent person would not be induced to confess by such police deception. However, we acknowledge that courts are much less likely to tolerate misrepresentations of law. *See e.g., Michigan v. Harvey*, 494 U.S. 344, 110 S.Ct. 1176, 108 L.Ed.2d 293 (1990); *State v. Craig*, 262 Mont. 240, 864 P.2d 1240 (1993). Under a totality of the circumstances, therefore, we conclude that the district court properly found that officer Martinez's indicating to Davila in the interview, either directly or in the form of a hypothetical question, that his fingerprints had been found on the packaging material was not coercive.

■ The district court failed to make a specific finding that the presence of an

immigration agent at Davila's interrogation in itself was not coercive. The lack of a specific finding, however, does not undermine the district court's ultimate conclusion that Davila's statement was voluntary. Where there is nothing in the record indicating that the statement was induced by coercion, duress, or improper action on the part of the immigration officer, and where the petitioner introduces no such evidence, the bare assertion that a statement is involuntary is insufficient. *Cuevas–Ortega v. INS,* 588 F.2d 1274, 1278 (9th Cir.1979), *citing Ben Huie v. INS,* 349 F.2d 1014, 1017 (9th Cir.1965). We recognize that officer Martinez's presence, nevertheless, may have been a reminder to Davila of the deportation consequences of being convicted of a crime. We conclude that the immigration officer's "coercive presence," as asserted by Davila, was nothing other than the normal duress inherent in an arrest. *See United States v. Jones,* 475 F.2d 723 (5th Cir.1973), *cert. denied,* 414 U.S. 841, 94 S.Ct. 96, 38 L.Ed.2d 77 (1973).

Applying the totality of the circumstances test, we do not disturb the district court's findings that Davila's statement was not obtained by coercion, either from the officer's interrogation technique or by officer Martinez's status as an immigration officer. We uphold the district court's conclusion that Davila's statement was voluntary. Therefore, we affirm the denial of the motion to suppress.

## B. DISCLOSURE OF CONFIDENTIAL INFORMANT

 The government's privilege to withhold from disclosure the identity of confidential informers, which was first recognized in *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), is embodied in I.R.E. 509. The rule of nondisclosure, however, gives way if the informant is produced as a witness at trial or if otherwise ordered by the court. *State v. Burke,* 110 Idaho 621, 629, 717 P.2d 1039 (Ct.App.1986); I.R.E. 509(c)(2); I.C.R. 16(f)(2). The decision whether to require disclosure of the identity of the confidential informant is left to the discretion of the trial court. *State v. Kopsa,* 126 Idaho 512, 518, 887 P.2d 57, 63 (Ct.App.

1994), *citing State v. Fairchild,* 121 Idaho 960, 965, 829 P.2d 550, 555 (Ct.App.1992). *See also* I.C.R. 16(j), (k). Unless this Court on appeal finds an abuse of discretion, we will not overturn the district court's decision.

In his motion to compel the disclosure of the confidential informant, Davila argued that the testimony of the informant was relevant to his defense and potentially exculpatory. Davila asserted that the informant would be able to testify that others were occupying the house with Davila and that Davila was wrongly identified as the occupant who was trafficking in drugs. On appeal, Davila claims error in the district court's order denying disclosure of the identity of the confidential informant.

 To determine the extent of the informer privilege in this case, the district court conducted an *in camera* examination of evidence. Based on Davila's claim, and in accordance with I.R.E. 509(c)(3) and I.C.R. 16(k), the district court allowed the state the opportunity to show, through an affidavit of the informant inspected by the judge alone, facts relevant to whether the informant could, in fact, supply the exculpatory testimony. The burden of demonstrating the need for disclosure of the identity of an informant, however, rests with the defendant, who must make a showing that the disclosure is vital to a fair trial. *Kopsa,* 126 Idaho at 518, 887 P.2d at 63.

 The district court found that the informant would not be called as a witness and that the informant was not involved as a participant in the crime. The district court also found that the informant's affidavit confirmed Davila's knowledge of and ownership interest in the controlled substances at Davila's residence. Although the informant's information led to the issuance of the search warrant, it was not for use on the issue of the guilt or innocence of Davila. *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *State v. Fairchild,* 121 Idaho 960, 829 P.2d 550 (Ct.App.1992). The district court ultimately held that because the affidavit did not disclose any information of an exculpatory nature, there was no compelling need to disclose the informant's identity.

Accordingly, we conclude that the district court followed the correct procedural safeguards in determining the materiality of the informant's possible testimony. Having reviewed the informant's affidavit, we find no abuse of discretion on the part of the district court. Therefore, we affirm the order denying disclosure of the identity of the confidential informant.

## C. ABUSE OF DISCRETION IN SENTENCING

The district court originally sentenced Davila to five years' incarceration, with a mandatory minimum term of three years. However, because the Idaho Supreme Court invalidated the mandatory fixed term sentences defined in Idaho Code Section 37–2732B, in *State v. Sarabia*, 125 Idaho 815, 817, 875 P.2d 227, 229 (1994), Davila was resentenced to three years' incarceration with a minimum period of confinement of one year pursuant to Davila's Rule 35 motion. On appeal, Davila challenges his sentence, claiming that the district court improperly referred to the federal sentencing guidelines in fashioning his sentence and gave too little consideration to his lack of a prior record.

We review the modified sentence for abuse of the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well-established. *See State v. Hernandez*, 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991); *State v. Lopez*, 106 Idaho 447, 449–51, 680 P.2d 869, 871–73 (Ct.App.1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). For purposes of sentence review, we treat the minimum period of confinement as the probable measure of confinement. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989).

Having thoroughly reviewed the record, it is readily apparent that the district court heard both counsel allude to the sentencing scheme used in the federal system which is graduated based upon the amount of drugs involved in the crime. The district court here considered that Davila sold approximately twenty-eight grams of cocaine, an amount which the district court did not deem to be inconsequential. The district court expressed its belief that trafficking in drugs was a menace to the good order of society and this belief was not outweighed by the fact that Davila had no prior record. This Court concludes, therefore, that the sentence imposed, as modified pursuant to the Rule 35 motion, does not constitute an abuse of the district court's discretion.

## II.

## CONCLUSION

In summary, we affirm the order of the district court denying the motion to suppress Davila's statement which was not obtained by duress. We uphold the denial of Davila's motion for disclosure of the identity of the confidential informant who was not scheduled to testify at Davila's trial. Finally, we affirm the judgment of conviction and sentence as modified pursuant to Davila's I.C.R. 35 motion.

WALTERS, C.J., and LANSING, J., concur.