963 P.2d 392

**In the Interest of: John Doe, A Juvenile Under 18 Years of Age.**

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John DOE, Defendant–Appellant.**

No. 23786.

Court of Appeals of Idaho.

July 2, 1998.

John M. Adams, Kootenai County Public Defender; J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for Appellant. J. Bradford Chapman argued.

Alan G. Lance, Attorney General; Kevin J. Wladyka, Deputy Attorney General, Boise, for Respondent. Kevin J. Wladyka argued.

SCHWARTZMAN, Judge.

John Doe, a minor, appeals from the district court's affirmance of the magistrate's denial of his motion to suppress. On appeal, Doe claims that he did not freely, voluntarily and intelligently waive his *Miranda* rights, and that his confession was coerced. For the reasons stated below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Don Ashenbrenner, a detective with the Coeur d'Alene police department, was assigned to investigate the theft from Knudtsen Chevrolet of two vehicles, a Dodge Neon and a Ford Escort, in July of 1995. Ashenbrenner received information that Doe, then seventeen years old, had been in possession of the two stolen vehicles. Ashenbrenner contacted Doe's father by telephone and stated that he needed to meet with Doe. The interview was scheduled for August 1 in Ashenbrenner's office.

Doe's father took him to Ashenbrenner's office as scheduled but did not accompany him into the interview room. Before questioning Doe, Ashenbrenner read Doe his *Miranda* warnings from a form, asked Doe if he understood his rights and then asked Doe to sign the form stating that he understood and was waiving his rights. Doe signed the form and subsequently confessed to driving and riding in the Dodge Neon with knowledge that it was stolen. In addition, Doe admitted to attempting to cash a check that he knew was not signed by the check's maker.

Doe was charged by petition under the Youth Rehabilitation Act with three counts of grand theft by possession of stolen property, one count of forgery, and one count of petit theft. Doe's counsel filed a motion to suppress all statements Doe made to any law enforcement officer or agent on the basis that such statements were taken in violation of Doe's constitutional rights. On March 1, 1996, the court conducted both the adjudicatory and suppression hearings.

After hearing testimony regarding the validity of Doe's waiver of his *Miranda* rights and the voluntariness of his confession, the court denied the motion to suppress. Due to Doe's lack of sophistication, the court determined that Doe was "in custody" when he met with Detective Ashenbrenner at the police station. The magistrate found that this custodial situation required Ashenbrenner to inform Doe of his *Miranda* rights and to obtain his valid waiver of those rights. The court concluded that Doe was capable of reading and understanding the *Miranda* warnings and that he had voluntarily, knowingly and intelligently waived his rights. The court further concluded that there was no evidence to support a finding that Doe's statements were coerced.

Doe appealed the magistrate court's denial of his motion to the district court. After reviewing the record and the written briefs, the district court affirmed the magistrate's rulings on the basis that there was evidence of a substantial nature to support the decision. This appeal followed. We affirm.

## II.

## ANALYSIS

 Doe challenges the district court's affirmance of the magistrate's findings with respect to both the validity of his waiver of *Miranda* rights and the voluntariness of his confession. When a district court imparts a decision in its appellate capacity, we conduct an independent review of the record before the magistrate, giving due regard to the district court's determination. *State v. Madden*, 127 Idaho 894, 908 P.2d 587 (Ct.App. 1995). When reviewing a trial court's ruling on a motion to suppress, we employ a bifurcated standard. While we accept the trial court's findings of fact if supported by substantial evidence, "we freely review the application of constitutional principles to the facts as found." *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct.App.1997). More specifically, in a suppression hearing where voluntariness is an issue, "the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences, is vested in the trial court." *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995)

(*quoting State v. Kirkwood,* 111 Idaho 623, 625, 726 P.2d 735, 737 (1986)); *State v. Brennan,* 123 Idaho 553, 555, 850 P.2d 202, 204 (Ct.App.1993).

In denying Doe's motion, the magistrate did not distinguish between the factors supporting his conclusion that Doe validly waived his *Miranda* rights and those supporting his determination that Doe's confession was voluntary. Although these analyses overlap, they are not identical. *Miranda* warnings are premised on and designed to protect the Fifth Amendment privilege against self-incrimination, while the exclusion of involuntary confessions is "grounded in the Due Process Clause of the Fourteenth Amendment, and it applies to any confession that was the product of police coercion, either physical or psychological, or that was otherwise obtained by methods offensive to due process." *State v. Doe,* 130 Idaho 811, 814, 948 P.2d 166, 169 (Ct.App.1997). Thus, we address Doe's challenges to the denial of his motion to suppress in accordance with these separate constitutional provisions.

## A. Knowing, Intelligent and Voluntary Waiver of *Miranda* Rights

■ Doe asserts that under the totality of the circumstances, he did not validly waive his *Miranda* rights.[1] He argues that the following factors militate in favor of a finding that his waiver was invalid: he did not comprehend his right to counsel; he could only read and write at a fourth grade level; he thought that if he did not confess he would be arrested; and he suffered from Attention Deficit Disorder (ADD).

■ The determination of whether a juvenile has voluntarily waived his *Miranda* rights requires an inquiry into the totality of all circumstances surrounding the interrogation, including "the juvenile's age, experience, education, background, and intelligence, and into whether he had the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights." *Fare v. Michael C.,* 442 U.S. 707, 725, 99 S.Ct. 2560,

61 L.Ed.2d 197 (1979); *Doe,* 130 Idaho at 817, 948 P.2d at 172. The state bears the burden of demonstrating that an individual has voluntarily, intelligently and knowingly waived his rights by a preponderance of the evidence. *State v. Alger,* 115 Idaho 42, 46, 764 P.2d 119, 123 (Ct.App.1988).

Pursuant to these standards, the relevant inquiry is whether the state provided substantial evidence to demonstrate that under the circumstances Doe voluntarily, knowingly and intelligently waived his *Miranda* rights. The court identified and considered the following factual circumstances as relevant to the determination of the validity of Doe's *Miranda* waiver generally: (1) Doe could only read and write at a fourth grade level but had an eighth grade education; (2) the court's observation that Doe demonstrated a lack of sophistication and a low level of intelligence; (3) Ashenbrenner never told Doe that he would be arrested if he refused to speak with him; and (4) Ashenbrenner's testimony that Doe was informed of his rights and said that he understood them before signing a waiver and agreeing to speak with the officer. In addition, the court noted that neither Doe's ADD diagnosis nor his placement on medication to relieve the symptoms of ADD were material. This determination was premised on Doe's testimony that ADD had little effect on him and that he had voluntarily stopped taking his medication years before, with few consequences. The trial court also considered the written acknowledgment of *Miranda* rights and waiver form signed by Doe and Doe's testimony at the hearing that he could both read and understand the words on the form. For these reasons, the magistrate determined that Doe executed a knowing, voluntary, and intelligent waiver of his rights.

■ Next, the court evaluated the validity of Doe's waiver of his right to counsel in accordance with I.C. § 19–857, which provides as follows:

A person who has been appropriately informed of his right to counsel may waive in

---

1. Because neither party has challenged the trial court's conclusion that Doe was "in custody" and that *Miranda* warnings were therefore re-

quired *ab initio,* we do not address this issue and express no opinion as to its correctness.

writing, or by other record, any right provided by this act, if the court concerned, at the time of or after waiver, finds of record that he has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise according to law. The court shall consider such factors as the person's age, education, and a familiarity with the English language and the complexity of the crime involved.

The court determined that although Doe was not particularly sophisticated, the words contained in the written waiver form were simple enough that he could understand the content. In addition, the court considered that Doe was only a few months away from his eighteenth birthday at the time of his waiver, and that the crimes he committed were neither complex nor did they require a great deal of planning or intelligence to execute.

In light of this evidence and testimony, the magistrate found that the state presented sufficient evidence to demonstrate that Doe knowingly, voluntarily and intelligently waived his *Miranda* rights. The record demonstrates that the court reached this conclusion after evaluating witness credibility, weighing the evidence and drawing factual inferences. After a thorough review of the record, we find no abuse of discretion and uphold the trial court's determination.

### B. Voluntariness of Doe's Confession

■ Doe next contends that his confession was still the product of coercion, in that he did not appreciate his right to counsel, he read at a fourth grade level, he believed that if he did not confess he would be arrested, and he suffered from ADD. Doe argues that because these factors diminished his "mental condition" and ability to voluntarily waive his rights, the magistrate erred in concluding that his statements to Ashenbrenner were not coerced. The voluntariness of a confession is determined by consideration of "the effect that the totality of the circumstances had upon the will of the defendant." *State v. Davila,* 127 Idaho 888, 892, 908 P.2d 581, 585 (Ct.App.1995). In each case, the question is whether the defendant's will was overborne when he confessed. *Id.* "[T]o find a violation

of a defendant's due process rights by virtue of an involuntary confession, coercive police conduct is necessary." *State v. Whiteley,* 124 Idaho 261, 268, 858 P.2d 800, 807 (Ct.App. 1993).

■ This Court has also stated that in evaluating the voluntariness of a juvenile's confession, consideration must be given to "the child's age, maturity, intelligence, education, experience with police and access to a parent or other supportive adult." *Doe,* 130 Idaho at 817, 948 P.2d at 172. Some additional factors in the voluntariness determination include whether *Miranda* warnings were given, the length of the detention, the repeated and prolonged nature of the questioning, and deprivation of food or sleep. *State v. Troy,* 124 Idaho 211, 214, 858 P.2d 750, 753 (1993).

Here, Doe was just a few months away from his eighteenth birthday at the time of questioning. He was given his *Miranda* warnings and not subjected to extensive questioning or a lengthy detention. In addition, while Doe's father was not present during the interview, Doe was not precluded by Ashenbrenner from accessing him during the interview. Finally, there is nothing in the record to suggest that Ashenbrenner engaged in any activity that would constitute coercive conduct and thereby render Doe's confession involuntary. In the absence of any coercive conduct by Detective Ashenbrenner, and in light of the circumstances surrounding Doe's confession, we hold that the trial court properly determined that Doe's confession did not result from coercion and was thus voluntary.

### III.

### CONCLUSION

Accordingly, we affirm the denial of Doe's motion to suppress.

LANSING, C.J., and BENGTSON, J., Pro Tem, concur.