**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43556/43557/43558/43559/43560**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 53** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  August 4, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CARLOS ORLANDO ZAMORA,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Molly J. Huskey, District Judge.

Judgment of conviction, <u>affirmed</u>; order denying motion to suppress, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Carlos Orlando Zamora appeals from judgments of conviction on three felonies and four misdemeanors entered after his conditional guilty pleas.  He challenges the district court's denial of his motion to suppress evidence.  For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After a domestic disturbance at a motel, Zamora was arrested and charged for conduct stemming from that dispute.  The court entered a no-contact order against Zamora.  Pursuant to this arrest, officers searched the motel and found various items of contraband.  Zamora was also charged for those offenses.

While in custody for these charges, Zamora allegedly made phone calls to the victim named in the no-contact order.  An investigator met with Zamora to question him about the

1

phone calls.  Prior to questioning, the investigator advised Zamora of his *Miranda*[1] rights in the following exchange:

> Investigator: So like I do follow-up and do whatever; a bunch of random things they need done.  So, since you're in custody, and obviously you can't just get up and leave, I have to read you your Miranda rights before I talk to you.  So, I'm gonna do that first.  You have the right to remain silent.  Anything you say may be used against you in a court of law.  You have the right to talk with a lawyer and have them present while you are being questioned.  If you cannot afford to hire a lawyer, one will be appointed to represent you before questioning.  Do you understand each of these rights as I have explained to you?
>
> Zamora: Uh huh.
>
> Investigator: Okay.  So, obviously you don't know what I'm going to ask you yet, so, at any point in time you don't want to talk to me or if you don't want to answer any questions I'm going to ask you, you can just say "no," or you know, "I want to leave," or "I'm done," or whatever.
>
> Zamora: Okay.

Zamora proceeded to answer the investigator's questions, admitting to hitting the victim and having contact with her while in custody.  Zamora allegedly contacted the victim several other times while in custody and was charged for each of those violations of the no-contact order.  The State moved to consolidate all of the charges against Zamora into a single case, which the court granted.

Prior to trial, Zamora filed a motion to suppress the evidence or dismiss the case, arguing the investigator's questioning violated his Fifth Amendment *Miranda* rights and his Sixth Amendment right to counsel.  In denying Zamora's Fifth Amendment claim, the district court found that Zamora had waived his *Miranda* rights by indicating he understood his rights and by subsequently voluntarily answering the investigator's questions.  Regarding the Sixth Amendment claim, the court found that Zamora waived his right to counsel as to questioning regarding the already-charged conduct, and his right to counsel had not yet attached regarding questioning about the uncharged conduct.  The court found no constitutional violation.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

2

Zamora entered conditional *Alford*[2] pleas to two counts of felony intimidating a witness, Idaho Code § 18-2604; one count of felony possession of a controlled substance, I.C. § 37-2732(c)(1); one count of misdemeanor possession of a controlled substance, I.C. § 37-2732(c)(3); one count of misdemeanor possession of drug paraphernalia, I.C. § 37-2734A; two counts of misdemeanor domestic battery, I.C. § 18-918(3)(b); and four counts of misdemeanor violation of a no-contact order, I.C. § 18-920. Zamora reserved the right to appeal the district court's denial of his suppression motion. The State dismissed the remaining charges. Zamora timely appeals.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Zamora first argues the investigator's questioning violated Zamora's *Miranda* rights under the Fifth Amendment to the United States Constitution. He specifically contests the court's finding that he waived his *Miranda* rights. Any waiver of *Miranda* rights or the underlying constitutional privilege against self-incrimination must be made knowingly, voluntarily, and intelligently. *State v. Dunn*, 134 Idaho 165, 169, 997 P.2d 626, 630 (Ct. App. 2000). The State bears the burden of demonstrating that an individual has knowingly, voluntarily, and intelligently waived his or her rights by a preponderance of the evidence. *State v. Doe*, 131 Idaho 709, 712, 963 P.2d 392, 395 (Ct. App. 1998). A trial court's conclusion that a defendant made a knowing and voluntary waiver of his or her *Miranda* rights will not be disturbed on appeal where it is supported by substantial and competent evidence. *State v. Luke*, 134 Idaho 294, 297, 1 P.3d 795, 798 (2000). An appellate review of this waiver issue

---

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

encompasses the totality of the circumstances.  *State v. Johnson*, 126 Idaho 859, 863, 893 P.2d 806, 810 (Ct. App. 1995).

In finding that Zamora waived his rights, the court stated the following:

Here, the defendant was read the *Miranda* warnings and indicated he understood them.  He further was told he could terminate the questioning at any time and indicated he also understood that.  He then [proceeded] to answer questions and did not invoke any of the *Miranda* protections . . . .

Zamora specifically challenges the court's finding that he understood his rights.  He asserts that his "simple response of 'Okay' did not make it clear that he understood his rights before he started answering questions."  This argument is contradicted by the record.  The audio recording of the interview clearly reveals Zamora responding affirmatively to the investigator's inquiry into whether Zamora understood his rights.  The audio then clearly reveals Zamora responding, "Okay," to the investigator's indication that Zamora could terminate the questioning at any time.  Moreover, there is nothing in the record suggesting that Zamora was otherwise unable to understand the investigator during that time or at any other time during the interview.

After receiving his *Miranda* warnings, Zamora voluntarily responded to the investigator's questions.  Zamora's conduct is consistent with waiver.  *See, i.e.*, *State v. Butcher*, 137 Idaho 125, 132, 44 P.3d 1180, 1187 (Ct. App. 2002) (holding that a defendant who knows and understands his or her rights can waive them by subsequently voluntarily responding to questioning).  The court's finding that Zamora understood and waived his rights is supported by substantial and competent evidence.  Thus, the court did not err in dismissing the motion to suppress on Fifth Amendment grounds.

Zamora next argues the investigator's questioning violated Zamora's right to counsel under the Sixth Amendment to the United States Constitution.  Regarding the investigator's questioning of Zamora about his contact with the victim named on the no-contact order, the district court concluded that Zamora's Sixth Amendment right to counsel had not yet attached.  The Sixth Amendment guarantees the accused in a criminal prosecution the right to have the assistance of counsel for his defense.  *Kirby v. Illinois*, 406 U.S. 682, 688 (1972).  However, this right does not arise until the suspect has become a defendant in a criminal proceeding.  *Id.*  In Idaho, a defendant's Sixth Amendment right to counsel is triggered by the filing of a criminal complaint or an indictment.  *State v. Tapp*, 136 Idaho 354, 363, 33 P.3d 828, 837 (Ct. App. 2001).  Once the right attaches, it is "offense specific" such that it does not apply to uncharged

4

crimes to which the Sixth Amendment right has not yet attached. *McNeil v. Wisconsin*, 501 U.S. 171, 176 (1991). This is true even where the charged and uncharged crimes are factually related. *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 230 (2008). *But see Texas v. Cobb*, 532 U.S. 162, 173 (2001) (holding "when the Sixth Amendment right to counsel attaches, it does encompass offenses that, even if not formally charged, would be considered the same offense under the *Blockburger*[3] test").

Here, the State had not charged Zamora for violating the no-contact order by contacting the victim. However, the uncharged conduct occurred while Zamora was in custody on other charged offenses. Zamora argues that, but for the charged conduct, the uncharged conduct would not have occurred--thus, the charged and uncharged conduct "were so closely intertwined that Mr. Zamora's Sixth Amendment right to counsel attached on the alleged charges also." We are not persuaded. In following the United States Supreme Court precedent, the fact that the charged and uncharged conduct might be closely factually related is insufficient to attach Zamora's Sixth Amendment right to his uncharged conduct. Zamora's right to counsel as to the uncharged conduct had not yet attached. Thus, the district court did not err in finding no constitutional violation.

Regarding the investigator's questioning of Zamora about the charged offense, the district court found that Zamora's waiver of his Fifth Amendment rights pursuant to *Miranda* also waived his Sixth Amendment right. A defendant can waive his or her right to counsel if the waiver is knowing, intelligent, and voluntary. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). "And when a defendant is read his *Miranda* rights (which include the right to have counsel present during interrogation) and agrees to waive those rights, that typically does the trick, even though the *Miranda* rights purportedly have their source in the *Fifth* Amendment." *Id.*

Here, Zamora has conceded that he never invoked his right to counsel. Moreover, he was apprised of his *Miranda* rights, and as discussed above, he waived those rights. Because Zamora waived his *Miranda* rights by voluntarily answering the investigator's questions, he has also waived his right to counsel under the Sixth Amendment. The district court properly found that Zamora waived his Sixth Amendment right to counsel as to the charged offenses. Therefore, the district court did not err in dismissing Zamora's motion to suppress on Sixth Amendment grounds.

---

[3]     *Blockburger v. United States*, 284 U.S. 299 (1932).

# III.

## CONCLUSION

As to Zamora's Fifth Amendment claim, there was substantial and competent evidence to support the district court's finding that Zamora waived his *Miranda* rights. As to Zamora's Sixth Amendment claim, the district court did not err in finding Zamora's right to counsel had not yet attached to the uncharged conduct. Additionally, there was also substantial and competent evidence to support the district court's finding that Zamora waived his right to counsel as to the charged conduct. Therefore, the district court did not err in denying Zamora's motion to suppress evidence. Zamora's judgment of conviction is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.